IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TIMOTHY CLARK, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO: |
| | ) |
| v. | ) |
| | ) |
| BUILDERS FIRSTSOURCE and | ) |
| THOMAS RAY ADAMS, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Timothy Clark ("Plaintiff" or "Mr. Clark"), by and through counsel and files his Complaint against Defendant Builders FirstSource ("Defendant Company") and Defendant Thomas Ray Adams, ("Defendant Adams"), alleging as follows:

## NATURE AND PURPOSE

1. Plaintiff files this lawsuit due to discrimination on the basis of race and retaliation in violation of 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction. pursuant to 42 U.S.C. §1981.

3. This Court is an appropriate venue for Plaintiff's claims because all of the parties reside within the Northern District of Georgia, and all or a substantial

majority of the events giving rise to Plaintiff's claims occurred in this judicial district and this division.

## PARTIES

4. Plaintiff Timothy Clark, ("Plaintiff" or "Clark"), is a resident of the State of Georgia.

5. At all times relevant, Defendant Builders FirstSource was Plaintiff's employer within the meaning of Section 1981.

6. Defendant Builders FirstSource is subject to the jurisdiction of this Court.

7. Defendant Thomas Ray Adams was Plaintiff's supervisor at Builders FirstSource at all times relevant to this action and was/is an employer within the meaning of 42 U.S.C. § 1981.

8. Defendant Adams is a citizen and resident of the State of Georgia.

9. Defendant Adams is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10. Plaintiff Timothy Clark was, at all times relevant to this action, an employee of Defendant Builders FirstSource.

11. Plaintiff Timothy Clark is an African American male who worked for Defendants starting on October 17, 2011.

12. Mr. Clark's job position was Delivery Driver.

13. Plaintiff's supervisor was Defendant Thomas Ray Adams, who is a Caucasian male.

14. Throughout Plaintiff's employment with Defendant, he and other African American employees were subjected to disparate treatment and discrimination based on race by both Defendant Company and Defendant Adams.

15. The disparate treatment included, but is not limited to:

   a. African American workers were paid less than their Caucasian counterparts;

   b. African American workers did not receive raises like their Caucasian counterparts;

   c. African Americans were assigned less favorable job assignments;

   d. African Americans had to use a separate bathroom from the Caucasian workers;

   e. African Americans were assigned "field labor" while Caucasian workers held "inside" and "front-facing" positions; and

   f. Defendant Adams, the manager, refused to have meetings with the African American workers, but would meet with the Caucasian employees.

16. In addition to the disparate treatment, there was a clear divide based on race between Caucasian employees and African American employees. For example, the Caucasian employees would not eat with the African American employees who mostly ate outside.

17. Often, Defendant Adams addressed Plaintiff and the other African American employees as "boy."

18. Frequently, Defendant Adams yelled at Plaintiff, got in his face and would curse at him about any and everything, but did not do this to the Caucasian employees.

19. On December 18, 2019, Defendant Adams threw a paper across the desk at Plaintiff and started yelling at him and cussing at him and accused Plaintiff of causing a car wreck, which was not true.

20. Defendant Adams then physically assaulted Plaintiff and told Plaintiff to "get the fuck out of the office."

21. Fearing for his safety and fed up with the discriminatory treatment in the workplace, Plaintiff resigned his employment on December 18, 2019.

22. Plaintiff filed a police report against Defendant Adams who was arrested.

23. In discriminating and retaliating against Mr. Clark, Defendants acted willfully, wantonly, and intentionally to harm Plaintiff and his federally protected rights.

24. Additionally, and in the alternative, Defendants acted with reckless disregard for Mr. Clark's federally protected rights.

25. The effect of Defendants' above-stated actions has been to deprive Plaintiff

of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which he would have been entitled but for Defendants' illegal actions.

26. The effect of Defendants' above-stated actions has also caused Mr. Clark to suffer out-of-pocket losses and mental and emotional distress for which he seeks redress.

## COUNT ONE: RACE DISCRIMINATION
## 42 U.S.C. § 1981

27. Plaintiff was discriminated against because of his race, African American, in violation of 42 U.S.C. §1981.

28. Plaintiff's supervisor, Defendant Adams, treated Plaintiff and other African American employees differently in the terms and conditions of employment because of race.

29. But for Plaintiff's race, African American, he would not have been treated differently in the terms and conditions of his employment.

30. Actions alleged in the preceding paragraphs of this Complaint include, but are not limited to, examples of race discrimination by Defendants.

31. As alleged, Defendants subjected Plaintiff to race discrimination regarding the terms and conditions of employment.

32. All of these actions constituted race discrimination in violation of 42 U.S.C. § 1981.

33. As Defendants' conduct was willful and deliberate, Plaintiff is entitled to all relief afforded under the statute, including an award of punitive damages.

## COUNT TWO: RACE RETALIATION
## 42 U.S.C. § 1981

34. Defendants retaliated against Mr. Clark in violation of the anti-retaliation provisions of 42 U.S.C. §1981.

35. Plaintiff complained about Defendant Adams' treatment towards him. In retaliation, Defendant Adams physically assaulted Plaintiff.

36. Plaintiff's employment ended as a direct result of his opposition to the discrimination he suffered based on race in violation of the provisions against retaliation in 42 U.S.C. § 1981.

37. But for Plaintiff's act of opposing the discriminatory treatment he suffered based on race, his employment would not have ended.

38. Defendants' actions were committed with reckless disregard for his right to be free from discriminatory treatment on account of his opposition to discriminatory practices and in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

39. As a result of Defendants' unlawful conduct, Plaintiff has suffered mental and emotional distress in an amount to be determined at trial by the enlightened conscience of an impartial jury. Plaintiff has also suffered lost wages and the benefits of employment, which he seeks to recover from Defendants.

40. As a direct result of Defendants' actions and omissions, Plaintiff suffered lost wages, mental and emotional distress, humiliation, outrage, damage to his reputation, the deprivation of his rights under federal law, and is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that this Court:

(a)  Declare that Defendants' actions, policies and practices complained of herein violate the rights of Plaintiff as secured by federal law;

(b)  Special damages and/or liquidated damages for lost wages and benefits;

(c)  Enter a judgment that Defendants' conduct violated 42 U.S.C. § 1981;

(d)  Award Plaintiff front pay as allowed under Section 1981;

(e)  Award Plaintiff back pay and lost benefits resulting from Defendants' unlawful discrimination and retaliation under Section 1981;

(f)  Award Plaintiff pre-judgment interest;

(g)  Award Plaintiff compensatory damages for mental and emotional damages

suffered because of Defendants' unlawful discriminatory and retaliatory acts;

(h)  Grant to Plaintiff punitive damages for Defendants' willful and intentional violations of Section 1981;

(i)  Award Plaintiff nominal damages;

(j)  Reasonable attorneys' fees, costs and expenses of litigation;

(k)  Grant a trial by jury; and

(l)  Award such other and further relief as the Court deems just and proper.

Dated: December 18, 2023.

**HALL & LAMPROS, LLP**

/s/ Andrew Lampros
Andrew Lampros
Georgia Bar No. 432328

300 Galleria Pkwy
Suite 300
Atlanta, GA 30339
T: (404) 876-8100
F: (404) 876-3477
alampros@hallandlampros.com

## CERTIFICATE OF FONT COMPLIANCE

In accordance with Local Rule 7.1D, I do certify this document has been prepared in Times New Roman font, 14 point, in compliance with L.R. 5.1(C) of this Court.

/s/ Andrew Lampros
Andrew Lampros
Georgia Bar No. 432328